## THOMAS J EMERY MEMORIAL v KAIN

Ohio Appeals, 1st Dist, Hamilton Co

No 4722.   Decided March 18, 1935

Taft, Stettinius & Hollister, Cincinnati, and John H. Clippinger, for plaintiff in error.

Sol Goodman, Cincinnati, and Roy L. Struble, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

The first error assigned is that the court erred in finding that there had been a consolidation or merger of The Mariemont Company, the vendor, with the plaintiff in error so as to make it liable for the obligations of the former, the grounds being that as a matter of law a corporation not for profit could not merge or consolidate with one for profit, and as a matter of fact the evidence only showed a transfer of assets and did not show an attempt to effect a merger or consolidation.  We do not find it necessary to decide this question of law. The essential allegation of the plaintiff below was that the defendant in that court had "assumed all obligations."  Now whether that assumption resulted by operation of law or from express agreement was

immaterial, and we find that the plaintiff in error did upon a valid consideration enter into an express agreement with The Mariemont Company to assume all liabilities. This agreement is evidenced by the resolution of the governing bodies of both corporations and The Mariemont Company performed the obligations on its part constituting the consideration for such assumption by The Thomas J. Emery Memorial. It is true that the resolution is in the form of an authorization to its officers to enter into such a contract and that there is evidence that in pursuance thereof the officers verbally sought to limit this obligation to such liabilities as appeared on the books of The Mariemont Company, but there was no evidence that this liability did not appear on the books. Certain it is that the written document introduced in evidence in proof of some of the terms of the contract was in the files and was delivered by The Mariemont Company to The Thomas J. Emery Memorial. Manifestly the officials were bound by the terms of the resolutions, of which both parties had knowledge, and a sale of the assets on any other terms was unauthorized. The claim sued on was a liability, the obligation out of which it arose was evidenced in part, at least, by papers in the files and there is no evidence that it was not shown on whatever books The Mariemont Company kept. We are of the opinion that the record shows without contradiction that the plaintiff in error did assume whatever liability existed and that, therefore, it was not prejudiced by the fact that the trial court placed the liability, if any, upon the ground of merger or consolidation of the two corporations.

It is contended by the plaintiff in error that the trial court erred in admitting oral evidence of conversations prior to the date of a certain writing to explain the meaning of the word "road," used therein. This contention is based on the hypothesis that the parties had integrated the contract into a writing as the final and exclusive memorial thereof. But, it seems to us the writing shows conclusively that that was not the intention of the parties. It contains this provision:

"It is understood and agreed that this is a temporary contract and that The Mariemont Company shall have a right to cancel this sale at any time before the permanent form of agreement has been executed by both parties * * * and that this contract shall be cancelled automatically if said permanent form of contract is not executed by the purchaser within ...... days after the signing of this memorandum of purchase."

In 17 O. Jur., at page 523, it is said on this subject, that:

"A well-established exception to the parol evidence rule is that commonly known as the rule of partial integration. Under this principle, the rule making inadmissible parol evidence to contradict or vary the terms of a written instrument does not apply, where the entire agreement of the parties has not been reduced to writing, to exclude parol evidence with reference to the part not in writing."

And at pages 524 and 525 that:

"Where it is apparent from the writing itself that it does not embody the entire contract of the parties, but only some distinct and separable part the case is not within the rule, and parol evidence which does not contradict the terms of what is written, but is consistent therewith, is admissible."

To express the kind of a thoroughfare that should be constructed it is manifest that the word "road" is entirely inadequate. It requires interpretation. Plans and specifications are necessary. In such a situation, oral evidence is admissible. 17 O. Jur., 552 and 553.

Next, it is urged that there was no evidence that the sales agent had any authority to contract to build a road of the kind claimed. It seems to be admitted that he had authority to agree to build a road, and the dispute therefore narrows to whether he could describe the road which he was agreeing to build. It appears in evidence that many plats and prospectuses admittedly issued by the principal showed the width of the road as claimed by the plaintiff below. There is evidence that these were furnished to the plaintiff. Authority may be conferred by a corporation by the conduct of its governing body—the board of directors—as effectually as by express words. **Bradford Belting Co. v Gibson, 68 Oh St, 442.** We think the evidence in this case on the subject required the submission of the question to the jury for its determination, and that was done under proper instructions.

We cannot say that the damages are so excessive as to be manifestly against the weight of the evidence.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.